United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MARCELO, <br>     Petitioner, <br>     v. <br> CHARLES CALLAHAN, <br>     Respondent. | Case No. 17-cv-01229-JCS (PR) <br><br> **ORDER TO SHOW CAUSE** |

# INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions.[1] The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Respondent shall file a response to the petition on or before **July 17, 2017**, unless an extension is granted. It appears that the claims are unexhausted. If respondent concludes that they are unexhausted, he may file a motion to dismiss on such grounds, though he is not required to do so.

# BACKGROUND

According to the petition in 2015 a San Francisco County Superior Court jury convicted petitioner of rape, unlawful sexual intercourse with a minor, pimping a minor, and pandering with a minor. He received a sentence of 8 years and 8 months in state prison.

---

[1] Petitioner consented to magistrate judge jurisdiction. (Dkt. No. 4.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the police violated his Fifth Amendment rights; (2) defense counsel rendered ineffective assistance; (3) the prosecutor committed misconduct; and (4) his sentence is unconstitutional. When liberally construed, these claims appear to be cognizable.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **July 17, 2017,** respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within sixty (60) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk shall amend the docket to reflect that Charles Callahan, the warden of the prison in which petitioner is housed, is the sole respondent in this action. Petitioner erroneously named the Superior Court of San Francisco as respondent. Callahan, not the superior court, is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

9. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:** May 4, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MARCELO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO COUNTY SUPERIOR COURT,<br><br>　　　　Defendant. | Case No. 17-cv-01229-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on May 4, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jaime Marcelo ID: AW4356
Chuckawalla Valley State Prison
P.O. Box 2349
Blythe, CA 92226

Dated: May 4, 2017

　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO